UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-cv-00245-FDW

| | |
|---|---|
| KENNETH WHITFIELD, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees, (Doc. No. 25), which the Commissioner replied neither in support nor in opposition, (Doc. No. 28). This matter is now ripe for ruling. Plaintiff filed the instant motion pursuant to 42 U.S.C. § 406(b)(1), seeking payment in the amount of $59,500.00 less the $18,208.59 paid to Plaintiff's attorney under the Equal Access to Justice Act ("EAJA") for a net total of $41,291.41. Plaintiff's motion for payment of attorney's fees is GRANTED.

## I. STANDARD OF REVIEW

42 U.S.C. § 406 (b) permits this Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." Upon application, courts should review contingency fee agreements, such as the one at bar, under a reasonableness standard. See Gisbrecht v. Barnhart, 535 U.S. 789, 809 (2002); Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005). In reviewing reasonableness of such agreements, a court should consider: (1) the overall complexity of the case;

(2) the lawyering skills necessary to handle it effectively; (3) the risk involved; and (4) the significance of the result achieved. See Mudd, 418 F.3d at 428.

## II.     ANALYSIS

Plaintiff's counsel seeks $41,291.41 in fees. Plaintiff's counsel filed a memorandum with attached exhibits in support of the motion. (Doc. No. 26).

The Government neither supports nor opposes the motion. (Doc. No. 28). Rather, the Government notes that "it is for the Court to decide if the request for attorney fees . . . is reasonable" and notes that "[when an attorney receives fees under both the Equal Access to Justice Act (EAJA) . . . and [the Social Security Act], the attorney must refund to the claimant the smaller amount between the amount awarded under [the Social Security Act] and any fee amount that previously was awarded under the EAJA." (Id., citing Gisbrecht, 535 U.S. at 796) (internal refs omitted). The Government notes that Plaintiff previously has been awarded attorney fees under the EAJA in the amount of $18,208.59. (Id.).

The Court notes here that Defendant does not oppose payment of a reasonable fee, pursuant to § 406(b), to Plaintiff's counsel in this matter. (Doc. No. 28, p. 1). The Court has carefully reviewed this evidence, considered the record, and finds the requested fee and hours spent on this matter to be reasonable under the circumstances.

However, when attorney's fees are awarded under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee to the claimant. See Gisbrecht, 535 U.S. at 796. In this case, the previously awarded attorney's fee of $18,208.59, as the smaller of the two fees recovered, must be refunded to Plaintiff by Plaintiff's counsel.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. No. 25) is GRANTED. The Court will award Plaintiff's counsel $41,291.41 for attorney's fees under 42 U.S.C. § 406(b) and orders Plaintiff's counsel to reimburse Plaintiff $18,208.59 previously awarded to him as attorney's fees under the EAJA.

IT IS SO ORDERED.

Signed: July 26, 2023

_____
Frank D. Whitney
United States District Judge